**VENABLE LLP**
Shannon E. Beamer (SBN 331289)
Email:  SEBeamer@Venable.com
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Attorney for Petitioner
PRODIGY FINANCE CM2021-2 DAC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRODIGY FINANCE CM2021-2 DAC, an Irish Corporation,<br><br>*Petitioner*,<br><br>v.<br><br>CARLOS EDUARDO GOMES DAURCIO, an individual,<br><br>*Respondent*. | Case No.<br><br>Assigned to Hon.<br><br>**PETITION TO CONFIRM FOREIGN ARBITRATION AWARD** |

Petitioner Prodigy Finance CM2021-2 DAC ("Petitioner"), by and through its undersigned attorneys, hereby petitions this Court for an Order: (a) confirming the arbitration award dated July 20, 2024 ("Final Award") made in its favor against Carlos Edward Gomes Dauricio ("Dauricio" or "Respondent") by the Chartered Institute of Arbitrators (London, England); (b) entering a judgment in Petitioner's favor in the full amount of the Final Award, plus the post-award interest specified therein, post-judgment interest pursuant to 28 U.S.C. § 1961, and the fees and costs of this petition; and (c) granting such other relief as the Court deems just and proper.

## I.   PARTIES, JURISDICTION AND VENUE

1. Petitioner is a designated activity company limited by shares, incorporated under the laws of Ireland with registration number 697351, having its registered address at 2nd Floor, Block 5, Irish Life Centre, Abbey Street Lower, Dublin 1, D01 P767, Ireland.[1]

2. Respondent is an individual whose last known address is in Los Angeles County, California. In accordance with the terms of the loan agreement, as detailed below, Prodigy sent the funds directly to University of Southern California-Marshall School of Business located in Los Angeles, California.

3. This proceeding arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention"), a treaty in force in the United States under Chapter 2 of Title 9 in the United States Code, particularly 9 U.S.C. §§ 201-08.

4. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

5. The New York Convention applies to the final arbitration award because it (and the original loan agreement) arose from a transaction involving

---

[1] Prodigy Finance Limited ("Prodigy") administers, manages, and services the loan held by Petitioner.

commerce with a foreign nation and involves foreign citizens (and foreign properties), and it also involves performance abroad.

6. An authentic and certified copy of the Final Award is attached to the Declaration of Shannon E. Beamer marked as Exhibit 1 ("Final Award") is made part of this Petition.

7. Venue is proper in this district pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(2).

## II.  THE LOAN AGREEMENTS AND ASSIGNMENTS

8. Prodigy, Petitioner's predecessor-in-interest, and Respondent entered into a loan agreement entitled "Loan Agreement Regulated by the Consumer Credit Act of 1974" on August 30, 2021 ("Prodigy-Dauricio Agreement") pursuant to which Prodigy agreed to loan the Respondent a principal sum of $82,950.00. *See* Declaration in Support ("Decl. in Support"), Exhibit 2.

9. Pursuant to Clause 9.2 of the Prodigy-Dauricio Agreement, Prodigy was entitled to assign the Agreement. Clause 9.2 specifically provides that "[w]e may unilaterally assign our rights and obligations under this Agreement to a third party[.]" *Id.* at ¶ 9.2.

10. On September 10, 2021, Prodigy informed Respondent that it had assigned its interest in the Prodigy-Dauricio Agreement to Petitioner. *See* Decl. in Support, Ex. 3.

11. The Prodigy-Dauricio Agreement was to be enforceable under the laws of England, including its arbitration laws. Clause 10.1 provides as follows: "This Agreement shall be governed by English law." *Id.* at ¶ 10.1.

12. Clause 10.2 of the Prodigy-Dauricio Agreement states that any dispute arising out of or in connection with the Agreement would be determined in accordance with Clause 10, subject to the content of Clause 10.8. *See Id.* at ¶¶ 10, 10.2, 10.8.

13. Clause 10.4 stipulates that any dispute between the parties in respect of an amount between £5,000.00 and £200,000.00 (or the foreign currency equivalent thereof) shall be referred to the Chartered Institute of Arbitrators ("CIArb") for resolution, with the number of arbitrators to be one, the language to be English and the place or seat of the arbitration to be London, England. Furthermore, any hearing may take place via video-link in order to avoid any unnecessary travel or related travel costs. *Id.* at ¶ 10.4 (a-e).

### III.  THE AGREEMENT TO ARBITRATE

14. As evidenced above, Petitioner and Dauricio agreed to arbitrate any dispute between the parties for an amount between £5,000.00 and £200,000.00 (or the foreign currency equivalent thereof) and the Prodigy-Dauricio Agreement was to be governed by English law. Furthermore, the parties agreed that the dispute would be referred to the CIArb for resolution.

### IV.  THE DISPUTE

15. In April 2023, Dauricio defaulted on the Prodigy-Dauricio Agreement by failing to pay the monthly loan repayment amount. As a result, a Notice of Sums in Arrears letter was sent to Dauricio. *See* Decl. in Support, Exhibit 4.

16. On October 12, 2023, another Notice of Sums in Arrears letter was sent to Dauricio for his continued failure to pay the loan amount. *See* Decl. in Support, Exhibit 5.

17. On October 13, 2023 Dauricio still had not cured the arrears on the account. As a result, a Notice of Default was sent to Dauricio providing that $12,786.39 was outstanding and indicating that Prodigy would invoke the arbitration provisions in the Prodigy-Dauricio Agreement if the breach was not remedied by November 3, 2023. *See* Decl. in Support, Exhibit 6.

18. On November 14, 2023 after his continued failure to cure the arrears, a final notice was issued to Dauricio indicating that the Prodigy-Dauricio Agreement was terminated and that Petitioner would invoke the arbitration provisions without

further notice. See Decl. in Support, Exhibit 7.

## V. THE ARBITRATION AWARD

19. After Respondent's continued failure to cure, Prodigy applied to the CIArb on February 14, 2024 for the appointment of an arbitrator in accordance with Section 10 of the Prodigy-Dauricio Agreement. The dispute to be arbitrated involved an amount between £5,000 and £200,000, specifically, $111,268.41. See Decl. in Support, Exhibit 8 (CIArb Application).

20. The application made by Petitioner was for a sole arbitrator under the Rules of the CIArb Business Arbitration Scheme, in accordance with Clause 10(4) of the Prodigy-Dauricio Agreement.

21. Arbitrator Paul Kinninmont ("the Arbitrator") was appointed on March 6, 2024 for the Prodigy-Dauricio Agreement. See Decl. in Support, Exhibit 1 ¶ 24.

22. The Arbitrator concluded that Prodigy and Dauricio had entered into a valid agreement and that Prodigy had disbursed the funds in accordance with the terms established in the Prodigy-Dauricio Agreement. See Id. at ¶ 60.

23. The Arbitrator further concluded that Prodigy validity assigned its rights in the Prodigy-Dauricio Agreement to Petitioner and that Petitioner provided proper notice to Dauricio of said assignment. Id. at ¶ 62.

24. Finally, the Arbitrator concluded that Dauricio failed to make the required payment in November 2021, that Petitioner took steps to notify Dauricio of the default through various notices, Petitioner was entitled to terminate the loan amount, and it validly did so through its written notice to Dauricio. Id. at ¶ 86.

25. A Final Award in favor of Petitioner was issued by the Arbitrator on July 20, 2024, in *Prodigy Finance CM2021-2 DAC v. Carlos Edward Gomes Dauricio, Chartered Institute of Arbitrators*, pursuant to which the Arbitrator awarded Petitioner a principal amount of $111,268.41 plus simple interest at the "regime agreed between the Parties in the Loan Agreement" from November 14, 2023 until the date of final payment. The Arbitrator also ordered Dauricio to pay for

the arbitration proceedings.[2]   *Id.* at 22.

26.   Dauricio failed to make any payment on the July 20, 2024 Final Award.

27.   Accordingly, and pursuant to 9 U.S.C. § 207, Petitioner is entitled to have the Final Award confirmed by this Court.

WHEREFORE Petitioner respectfully requests that, pursuant to Article III of the New York Convention, 9 U.S.C. § 207, this Court:

    A.   Enter an order confirming the Award against Dauricio;

    B.   Enter judgment against Dauricio in an amount equal to the full amount of the Final Award – $111,268.41 plus:

        i.   Interest accruing pursuant to the terms of the loan agreement;

        ii.  Costs and expenses incurred in connection with the arbitration amounting to $5,120 (£4,000); and

        iii. Post-judgment interest pursuant to 28 U.S.C. § 1961.

    C.   Petitioner's fees and costs incurred in this proceeding; and

    D.   Grant such other relief as the Court may deem just and proper.

///
///
///
///

---

[2] The July 20, 2024 Final Award denominates the amount due and outstanding under the loan agreement in US dollars (US$).  The award for the fees and costs associated with the arbitration was made in GBP (£), in the amount of £4,000 for Petitioner's costs incurred in the arbitration.  For the Court's convenience, we have converted this amount into US dollars, as of the date of the awards.  The exchange rate for GBP in effect on July 22, 2024 was 1.29.  Accordingly, £4,000 GBP is replaced in this petition with $5,120 USD.  *See Foreign Exchange Rates*, Fed. Reserve, https://www.federalreserve.gov/releases/h10/20230724/ (last visited Dec. 5, 2024).  *See, e.g., G.E. Transport S.P.A. v. Republic of Albania*, 693 F. Supp. 2d 132, 139-40 (D.D.C. 2010) (adopting Restatement approach and converting portion of arbitral award that was stated in Euros into dollars and using exchange rate in effect when the final arbitration award was made).

| | | |
|---|---|---|
| Dated: December 19, 2024 | | VENABLE LLP |
| | By: | */s/ Shannon Beamer*<br>Shannon E. Beamer |
| | | *Attorney for Petitioner*<br>PRODIGY FINANCE CM2021-2 DAC |